UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

BRAD TUKES,                                           Civil No. 05-1765 (MJD/SRN)

               Petitioner,

   v.                                                         **REPORT AND**
                                                            **RECOMMENDATION**
JOANN FABIN, MCF-Moose Lake Warden
TERRY CARLSON, Sgt. SPEISS, and
A/W HILLERAN,

               Respondents.

_____

THIS MATTER is before the undersigned United States Magistrate Judge on

Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254.  The matter has

been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and

Local Rule 72.1.  For the reasons discussed below, the Court finds that the petition for writ of

habeas corpus should be DISMISSED WITHOUT PREJUDICE, pursuant to Rule 4 of The

Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

Petitioner is a state prison inmate who is currently confined at the Minnesota

Correctional Facility at Moose Lake, Minnesota.  His present application for habeas corpus

relief does <u>not</u> challenge the validity of his original criminal conviction or sentence; instead he

is seeking to overturn a prison disciplinary sanction that extended the term of his confinement

by eleven days.  He wants the disciplinary action to be vacated so that his prison term will be

_____

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

shortened by eleven days.

However, it clearly appears that Petitioner has not presented any of his current claims for relief in any state court proceeding.  It will therefore be recommended that this action be summarily dismissed based on Petitioner's failure to exhaust his state court remedies.

## II.  DISCUSSION

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies.  28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982).  This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners.  O'Sullivan, 526 U.S. at 844;  Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

To exhaust his state court remedies, a prisoner must fairly present his constitutional claims to the highest available state court before seeking habeas relief in federal court.  O'Sullivan, 526 U.S. at 845; Duncan, 513 U.S. at 365-66; McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court").  Because federal courts will not entertain unexhausted habeas corpus claims, petitions that include such claims are subject to summary dismissal under Rule 4.

In this case, there is a remedy available to Petitioner under state law that he has not yet exhausted -- namely a habeas corpus petition to the Minnesota state courts.  This remedy

2

is provided by Minn.Stat. § 589.01, which states that:

> "A person imprisoned <u>or otherwise restrained of liberty</u>, except persons committed or detained by virtue of the final judgment of a competent tribunal of civil or criminal jurisdiction, or by virtue of an execution issued upon the judgment, may apply for a writ of habeas corpus to obtain relief from imprisonment or restraint.  For purposes of this section, an order of commitment for an alleged contempt or an order upon proceedings as for contempt to enforce the rights or remedies of a party is not a judgment, nor does attachment or other process issued upon these types of orders constitute an execution."  (Emphasis added.)

Minnesota appellate courts have previously recognized that this statute can be used by state prison inmates seeking judicial review of prison disciplinary proceedings.  <u>See</u> <u>Case v. Pung</u>, 413 N.W.2d 261 (Minn.App. 1987), <u>review</u> <u>denied</u>, Nov. 24, 1987.

Petitioner's current federal habeas corpus petition clearly indicates that he has not pursued his state court remedy under Minn.Stat. § 589.01.  (Petition, [Docket No. 1], p. (3) § 10.)  Therefore, he has failed to exhaust his state court remedies with regard to the claims presented here.

Because Petitioner has failed to satisfy the exhaustion of state court remedies requirement, the Court must recommend that this action be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases.  It will be further recommended, however, that this action be dismissed without prejudice, so that Petitioner can later return to federal court, (if necessary), after he has exhausted his state court remedies for every claim that he seeks to raise in federal court.  <u>See</u> <u>Gray v. Hopkins</u>, 986 F.2d 1236, 1237 (8th Cir.), <u>cert</u>. <u>denied</u>, 510 U.S. 839 (1993).[2]

---

[2]  Petitioner should bear in mind that he will not satisfy the exhaustion requirement unless he pursues every available avenue of appellate review, (assuming relief is not granted

3

Finally, because Petitioner has no habeas corpus claims that can be heard in federal court at this time, the Court will also recommend that his application to proceed in forma pauperis, ("IFP"), (Docket No. 3), be summarily denied.  See Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## III.  RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1.  Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED;

2.  Petitioner's application to proceed in forma pauperis, (Docket No. 3), be DENIED; and

3.  This action be summarily DISMISSED WITHOUT PREJUDICE.

Dated: August 12, 2005

s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

_____

at the state district court level), including the right to seek review in the Minnesota Supreme Court.  See O'Sullivan, 526 U.S. at 845 ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

Petitioner should also bear in mind that federal courts cannot consider habeas corpus claims brought by state prisoners unless they are based on the United States Constitution. 28 U.S.C. § 2254(a).  It is not clear whether Petitioner's current claims for relief are grounded on federal constitutional principles.

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by <u>August 26, 2005</u> a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.